**STATE v. STROTHER et al. (INDEPENDENCE INDEMNITY CO. OF PHILADELPHIA, PA., Intervener).**

**No. 4391.**

Court of Appeal of Louisiana.
Second Circuit.

March 6, 1933.

Robert J. O'Neal and Chandler & Chandler, all of Shreveport, for appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

TALIAFERRO, Judge.

The supervisor of public accounts of the state instituted this suit against W. B. Strother, trading as Strother Oil & Gas Company, under the provisions of Act No. 6 of the Special Session of 1928, as amended, and Act No. 1 of the Extra Session of 1930, to recover $3,443.85, the alleged balance due in taxes by said defendant on gasoline imported into the state of Louisiana between May 5, 1931, and December 20, 1931. A statutory penalty of 20 per cent. and attorney's fees of 10 per cent. on said amount, as provided in said laws, are also sued for.

Plaintiff also alleges that said defendant, in compliance with the laws aforesaid, furnished two bonds, each in the penal sum of $1,000, in favor of petitioner, with the U. S. Fidelity & Guaranty Company of Maryland, as surety, the conditions of which are that to the full amount thereof said surety did guarantee that defendant, as a dealer in gasoline or motor fuel, as defined in said acts, would pay all taxes, penalties, and costs levied by, accrued or accruing under said acts, to the plaintiff or his successor in office. Said surety company was also made defendant.

Under appropriate averments and order, a writ of attachment issued against Strother and a quantity of gasoline, kerosene, and other movable effects were seized by the sheriff of Bossier parish.

Judgment is prayed for against Strother for $3,443.85, with penalty and attorney's fee above mentioned, with recognition of the writ of attachment, and against him and the U. S. Fidelity & Guaranty Company, jointly, severally, and in solido for $2,000.

Defendant Strother applied for and secured an order for the release to him of a part of the attached movable property on bond in the sum of $1,500, which he furnished, with the Independence Indemnity Company of Philadelphia, as surety. He

then filed a motion to dissolve the writ of attachment on the grounds that the petition did not disclose a cause or right of action, and that the allegations for the issuance of said writ were false and untrue. He prayed for damages, detailed in his motion, sustained by him as a result of the illegal and wrongful issuance of the attachment.

On the same day the motion to dissolve was filed, with reservation of all rights thereunder, defendants filed a joint answer, which is a general denial, and prayed for trial by jury.

On the issues tendered by the above-named pleadings, the case was tried before a jury, who rendered verdict in favor of plaintiff for $3,384.58, sustained the writ of attachment, and cast each side for one-half the costs. The verdict is silent as to the penalty and attorney's fee claimed by plaintiff, and is silent as to the prayer for judgment against Strother and the U. S. Fidelity & Guaranty Company for $2,000. Strother applied for a new trial on the ground that the jury's verdict was contrary to the law and evidence in the case. This was overruled, and judgment was then signed by the court, in keeping with the verdict of the jury. It is specifically stated in this judgment that the demand against the U. S. Fidelity & Guaranty Company is rejected.

Plaintiff appealed to this court from that part of the judgment rejecting its demand against the surety company. Thereafter the Independence Indemnity Company filed a petition of intervention and prayed for a devolutive appeal to the Supreme Court, from the judgment against Strother on whose release bond it is surety. The petition was allowed, and the order of appeal signed, as prayed for. In this petition, the intervener states that it had signed the attachment release bond of Strother in the sum of $1,500; that judgment for $3,384.58, maintaining the attachment, after trial by jury, had been rendered against Strother, and intervener thereupon became liable in the case to the amount of the release bond signed by it.

Before this appeal was perfected, the intervener reached the conclusion that it had appealed to the wrong forum, and filed an amended and supplemental petition of intervention, reaffirming and readopting the allegations of its original petition and secured an order of appeal to this court. This appeal was perfected, and is now before us.

In this court, the U. S. Fidelity & Guaranty Company filed motion to dismiss "the ap-peal," for the reason that the amount in dispute exceeds $2,000, exclusive of costs and interest. This motion does not state specifically which appeal it is directed against. We assume it was designed to cover both appeals pending in this court. It is averred in this motion that W. B. Strother is appealing from the judgment rendered against him to the Supreme Court. The prayer is that the appeal in this court be dismissed, or, in the alternative, that the case be remanded to the District Court for proof of said appeal by Strother, and that further proceedings herein be stayed until his appeal is finally disposed of.

Since this case was argued and submitted in this court, an agreement of counsel for all parties to the suit has been filed in the record admitting that Strother has applied for and obtained an order for a devolutive appeal to the Supreme Court and has executed and filed appeal bond pursuant to the court's order.

Article 7, § 1, of the Constitution of 1921, provides: "In all cases where there is an appeal from a judgment on a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand. If there be no right of appeal on the main demand, the appeal shall lie to the court having jurisdiction of the reconventional demand."

Had the defendant Strother not appealed from the judgment against him, which is considerably over $2,000 we would have been called upon to decide if this court is vested with jurisdiction of the appeals by the state and the Independent Indemnity Company. The state appealed from a judgment on an incidental demand for an amount below the appellate jurisdiction of the Supreme Court, and the Indemnity Company's interest in the final outcome of the main demand against Strother is only $1,500. But, since Strother has perfected an appeal to the Supreme Court from the judgment of the lower court on the main demand, it is beyond debate as to what disposition we should now make of the two appeals before us. We shall have to transfer these appeals to the Supreme Court, as is authorized by Act No. 19 of 1912.

For the reasons assigned, it is ordered that the appeals to this court, mentioned above, be transferred to the honorable Supreme Court; and the record herein be transmitted by the clerk of this court to the clerk of the First judicial district court of Caddo parish.